# EXHIBIT A

# Supreme Court of Pennsylvania
## Court of Common Pleas
### Civil Cover Sheet
NORTHAMPTON County

For Prothonotary Use Only:

Docket No: C48-CV-2020-03282

☐ COPY

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

## SECTION A

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Petition
- ☐ Transfer from Another Jurisdiction
- ☐ Declaration of Taking

**Lead Plaintiff's Name:** Karen Dancho

**Lead Defendant's Name:** DOLGENCORP, LLC d/b/a DOLLAR GENEREAL, et al.

**Are money damages requested?** ☒ Yes ☐ No

**Dollar Amount Requested:** (check one)
- ☐ within arbitration limits
- ☒ outside arbitration limits

**Is this a Class Action Suit?** ☐ Yes ☒ No

**Is this an MDJ Appeal?** ☐ Yes ☒ No

**Name of Plaintiff/Appellant's Attorney:** GARY J. BRASCETTA

☐ Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

## SECTION B

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☒ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/Defamation
- ☐ Other:

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other:

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional:

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other
- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other
- ☐ Other:

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other:

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other
- ☐ Zoning Board
- ☐ Other:

FILED

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other:

*Updated 1/1/2011*



| | |
|---|---|
| **LOWENTHAL & ABRAMS, P.C.**<br>GARY J. BRASCETTA, ESQUIRE<br>Identification No. 69663<br>555 City Line Avenue, Suite 500<br>Bala Cynwyd, PA 19004<br>(610) 667-7511 | **MAJOR JURY**<br>**JURY TRIAL DEMANDED**<br><br><br><br>Attorneys for Plaintiff |
| **KAREN DANCHO**<br>225 Apple Street<br>Bethlehem, PA 18015<br><br>v.<br><br>**DOLGENCORP, LLC d/b/a DOLLAR GENERAL**<br>c/o Corporation Service Company<br>2595 Interstate Dr. #103<br>Harrisburg, PA 17110<br><br>and<br><br>**DOLLAR GENERAL STORE #8215**<br>3 Main Street<br>Hellertown, PA 18055<br><br>and<br><br>**JOHN DOE (fictious entity)** | COURT OF COMMON PLEAS<br>NORTHAMPTON COUNTY<br><br>NO. C48-CV-2020-03282<br><br><br>FILED 2020 JUN 15 P 2:26<br>COURT OF COMMON PLEAS<br>CIVIL DIVISION<br>NORTHAMPTON CO., PA |

### NOTICE

| "NOTICE" | "AVISO" |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or<br>relief requested by the plaintiff. You may lose money or property or other rights important to you.<br><br>YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION<br>ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.<br><br>Northampton County Bar Association<br>Lawyer Referral & Information Service<br>155 South 9th Street<br>Easton, PA 18042<br>610-258-6333 | "Le han demandado en corte. Si usted desea defender contra las demandas dispuestas en las páginas siguientes, usted debe tomar la acción en el plazo de veinte (20) días después de esta queja y se sirve el aviso, incorporando un aspecto escrito personalmente o y archivando en escribir con la corte sus defensas u objeciones a las demandas dispuestas contra usted el abogado le advierte que que si usted no puede hacer así que el caso puede proceder sin usted y un juicio se puede incorporar contra usted compra la corte sin aviso adicional para cualquier dinero demandado en la queja o para cualquier otra demanda o relevación pedida por el demandante. Usted puede perder el dinero o la característica de otra endereza importante a usted.<br><br>USTED DEBE LLEVAR ESTE PAPEL SU ABOGADO INMEDIATAMENTE. SI USTED NO HACE QUE UN ABOGADO VAYA A O LLAME POR TELÉFONO La OFICINA DISPUESTA ABAJO. ESTA OFICINA PUEDE PROVEER DE USTED LA INFORMACIÓN SOBRE EMPLEAR A UN ABOGADO. SI USTED NO PUEDE PERMITIRSE AL HIRE A UN ABOGADO, ESTA OFICINA PUEDE PODER PROVEER DE USTED LA INFORMACIÓN SOBRE LAS AGENCIAS QUE LOS SERVICIOS<br>JURÍDICOS DE LA OFERTA DE MAYO A LAS PERSONAS ELEGIBLES EN UN HONORARIO REDUCIDO O NINGÚN HONORARIO<br><br>Northampton County Bar Association<br>Lawyer Referral & Information Service<br>155 South 9th Street<br>Easton, PA 18042<br>610-258-6333 |



| | |
|---|---|
| **LOWENTHAL & ABRAMS, P.C.**<br>GARY J. BRASCETTA, ESQUIRE<br>Identification No. 69663<br>555 City Line Avenue, Suite 500<br>Bala Cynwyd, PA 19004<br>(610) 667-7511 | **MAJOR JURY**<br>**JURY TRIAL DEMANDED**<br><br>Attorneys for Plaintiff |
| **KAREN DANCHO**<br>225 Apple Street<br>Bethlehem, PA 18015<br><br>v.<br><br>**DOLGENCORP, LLC d/b/a DOLLAR GENERAL**<br>c/o Corporation Service Company<br>2595 Interstate Dr. #103<br>Harrisburg, PA 17110<br><br>and<br><br>**DOLLAR GENERAL STORE #8215**<br>3 Main Street<br>Hellertown, PA 18055<br><br>and<br><br>**JOHN DOE (fictious entity)** | COURT OF COMMON PLEAS<br>NORTHAMPTON COUNTY<br><br>NO. C48-CV-2020-03282<br><br>FILED 2020 JUN 15 P 2: 26<br>COURT OF COMMON PLEAS<br>CIVIL DIVISION<br>NORTHAMPTON COUNTY |

## COMPLAINT – PERSONAL INJURY

1. Plaintiff, Karen Dancho, is an adult individual residing at the above-captioned address.

2. Defendant, Dolgencorp, LLC, is a business entity or corporation doing business in the Commonwealth of Pennsylvania and at all times material hereto was the owner, operator, manager, maintainer, supervisor, possessor, lessor, lessee and/or otherwise legally responsible for the store located at 3 Main Street, Hellertown, PA 18055 (hereinafter referred to as the "premises").

3. Defendant, Dollar General Store #8215, is a business entity or corporation doing business in the Commonwealth of Pennsylvania and at all times material hereto was the owner, operator,

manager, maintainer, supervisor, possessor, lessor, lessee and/or otherwise legally responsible for the premises.

4. John Doe (fictitious entity) is a fictitious party hereto pursuant to Pennsylvania Rule of Civil Procedure 2005.

5. Defendant, John Doe (fictitious entity) is a business, company, entity, partnership, franchise, fictitious name, proprietorship or corporation existing and/or qualifying under the laws of the Commonwealth of Pennsylvania whose actual name and/or corporate designation and/or trade name and/or other identifying name or designation is currently unknown to Plaintiff. Defendant, John Doe (fictitious entity) did own and/or operate and/or manage and/or maintain and/or control and/or was otherwise responsible for the premises and/or employees present on the premises on or about September 25, 2018, in a capacity currently unknown to Plaintiff. Plaintiff has performed a reasonable search in order to ascertain the identity of, Defendant, John Doe (fictitious entity).

6. At all times material hereto, Defendants acted and/or failed to act individually and/or collectively, through their workers, agents, servants, contractors and/or employees who were at all times acting within the course and scope of their agency and/or employment with Defendants.

7. At all times material hereto, Defendants owned, possessed, supervised, managed, leased, controlled and/or were otherwise responsible for the care, custody, control, supervision and maintenance of the premises and the safety of their customers.

8. At all times material hereto, in the course and scope of their business, Defendants held the premises open to the public.

9. At all times material hereto, Plaintiff was a business invitee of the Defendants.

10. On or about September 25, 2018, and for some time prior thereto, Defendants, acting or failing to act by and through their agents, servants, workers and/or employees carelessly and negligently allowed a dangerous and defective condition, to wit: a wet and/or slippery substance was permitted to remain on the floor at or near the entrance of the premises, without proper and/or

adequate warning, for an unreasonable period of time during a rain storm, creating a reasonably foreseeable risk to business invitees such as Plaintiff.

11. At the same time and place, Plaintiff was caused to fall to the ground by reason of coming in contact with the aforesaid dangerous and defective condition, causing her to suffer the serious and permanent injuries and/or aggravations that form the basis of this action.

12. The aforementioned accident was due solely to the negligence and carelessness of the Defendants and was due in no manner whatsoever to any act or failure to act on the part of the Plaintiff.

## COUNT I
## KAREN DANCHO v. DOLGENCORP, LLC and DOLLAR GENERAL STORE #8215
### NEGLIGENCE

13. Plaintiff incorporates herein the allegations set forth in the previous paragraphs as if set forth here at length.

14. The negligence and carelessness of the Defendants consisted of the following:

    a. Allowing and/or causing a dangerous and defective condition to exist at the aforesaid premises, of which they knew or should have known by the exercise of reasonable care;

    b. Allowing and/or causing a dangerous condition on the premises which created a reasonably foreseeable risk of the kind of injuries sustained by Plaintiff;

    c. Failing to give adequate warning or notice of the defective condition;

    d. Failing to properly mop and/or clean the floors;

    e. Failing to dry the floors after mopping and/or cleaning;

    f. Failing to inspect the floors at reasonable intervals to determine the condition thereof;

    g. Failing to remove a wet and/or slippery substance from the floors;

    h. Failing to place caution signs around the dangerous and defective condition;

    i. Failing to place or properly place mats where wet and/or slippery substances were present on the floors;

    j. Failing to properly train and instruct employees as to the performance of their duties;

   k. Failing to implement training programs for their employees in cleaning and/or removing wet and/or slippery substances from common areas of the premises;

   l. Failing to protect Plaintiff as a business invitee from dangerous conditions and defects;

   m. Failing to provide Plaintiff with a safe and adequate path on which to travel;

   n. Permitting a highly dangerous condition to exist for an unreasonable period of time;

   o. Failing to use due care under the circumstances; and

   p. Failing to perform duties which it had assumed.

15. As a direct and proximate result of the negligence and carelessness of Defendants, Plaintiff suffered serious and permanent personal injuries and/or aggravations of pre-existing conditions, including, but not limited to: left rotator cuff tear requiring arthroscopy; left biceps tendinopathy; impingement of the left shoulder; cervical strain/sprain; cervical radiculopathy; left trapezius muscle strain/sprain; strain of the muscles, fascia and tendons at the left shoulder and upper arm level; injury of the muscles and tendons of the left rotator cuff; left shoulder injury and pain; left elbow injury and pain; left wrist injury and pain; lower back injury and pain; left knee pain; as well as other injuries as may be diagnosed by Plaintiff's health care providers, all of which have in the past, and may in the future, cause Plaintiff great pain and suffering.

16. As a direct and proximate result of the negligence and carelessness of Defendants, Plaintiff has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses and may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

17. As a direct and proximate result of the negligence and carelessness of Defendants, Plaintiff has or may hereafter suffer a severe loss of earnings and impairment of earning power and capacity.

18. As a direct and proximate result of the negligence and carelessness of Defendants, Plaintiff has suffered medically determinable physical and/or mental impairment, which prevents Plaintiff from performing all or substantially all of the material acts and duties which constituted Plaintiff's usual and customary activities prior to the accident.

19. As a direct and proximate result of the negligence and carelessness of Defendants, Plaintiff has or may hereafter incur other financial expenses which do or may exceed amounts which Plaintiff may otherwise be entitled to recover.

20. As a direct and proximate result of the negligence and carelessness of Defendants, Plaintiff has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite period of time.

**WHEREFORE**, Plaintiff, Karen Dancho, demands judgment against Defendants, jointly and/or severally, for damages in excess of the arbitration limits plus interest and costs.

## COUNT II
## KAREN DANCHO v. JOHN DOE (fictitious entity)
## NEGLIGENCE

21. Plaintiff incorporates herein the allegations set forth in the previous paragraphs as if set forth here at length.

22. The negligence and carelessness of the Defendants consisted of the following:

    a. Allowing and/or causing a dangerous and defective condition to exist at the aforesaid premises, of which they knew or should have known by the exercise of reasonable care;

    b. Allowing and/or causing a dangerous condition on the premises which created a reasonably foreseeable risk of the kind of injuries sustained by Plaintiff;

    c. Failing to give adequate warning or notice of the defective condition;

    d. Failing to properly mop and/or clean the floors;

    e. Failing to dry the floors after mopping and/or cleaning;

    f. Failing to inspect the floors at reasonable intervals to determine the condition thereof;

    g. Failing to remove a wet and/or slippery substance from the floors;

    h. Failing to place caution signs around the dangerous and defective condition;

    i. Failing to place or properly place mats where wet and/or slippery substances were present on the floors;

    j. Failing to properly train and instruct employees as to the performance of their duties;

    k. Failing to implement training programs for their employees in cleaning and/or removing wet and/or slippery substances from common areas of the premises;

    l. Failing to protect Plaintiff as a business invitee from dangerous conditions and defects;

    m. Failing to provide Plaintiff with a safe and adequate path on which to travel;

    n. Permitting a highly dangerous condition to exist for an unreasonable period of time;

    o. Failing to use due care under the circumstances; and

    p. Failing to perform duties which it had assumed.

23. As a direct and proximate result of the negligence and carelessness of Defendants, Plaintiff suffered serious and permanent personal injuries and/or aggravations of pre-existing conditions, including, but not limited to: left rotator cuff tear requiring arthroscopy; left biceps tendinopathy; impingement of the left shoulder; cervical strain/sprain; cervical radiculopathy; left trapezius muscle strain/sprain; strain of the muscles, fascia and tendons at the left shoulder and upper arm level; injury of the muscles and tendons of the left rotator cuff; left shoulder injury and pain; left elbow injury and pain; left wrist injury and pain; lower back injury and pain; left knee pain; as well as other injuries as may be diagnosed by Plaintiff's health care providers, all of which have in the past, and may in the future, cause Plaintiff great pain and suffering.

24. As a direct and proximate result of the negligence and carelessness of Defendants, Plaintiff has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses and may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

25. As a direct and proximate result of the negligence and carelessness of Defendants, Plaintiff has or may hereafter suffer a severe loss of earnings and impairment of earning power and capacity.

26. As a direct and proximate result of the negligence and carelessness of Defendants, Plaintiff has suffered medically determinable physical and/or mental impairment, which prevents Plaintiff

from performing all or substantially all of the material acts and duties which constituted Plaintiff's usual and customary activities prior to the accident.

27. As a direct and proximate result of the negligence and carelessness of Defendants, Plaintiff has or may hereafter incur other financial expenses which do or may exceed amounts which Plaintiff may otherwise be entitled to recover.

28. As a direct and proximate result of the negligence and carelessness of Defendants, Plaintiff has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite period of time.

**WHEREFORE**, Plaintiff, Karen Dancho, demands judgment against Defendants, jointly and/or severally, for damages in excess of the arbitration limits plus interest and costs.

                      **LOWENTHAL & ABRAMS, P.C.**

**BY:**    **/s/ GARY J. BRASCETTA**
            **Gary J. Brascetta, Esquire**
            **Attorney for Plaintiff**

## VERIFICATION

I, KAREN DANCHO, hereby verify that I am the Plaintiff in the within civil action, and I further certify that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information and belief. I understand that this statement is made subject to the penalties of 18 Pa. C.S.A. 4904, relating to unsworn falsification to authorities.

Date 6·1·20

*[signature]*

KAREN DANCHO